IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARIA GONZALES,<br><br>    Defendants.<br>_____/ | No. 09-05321 JSW<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

On November 9, 2009, Defendant Maria Gonzales removed this action from Alameda County Superior Court on the basis that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Having reviewed the Notice of Removal and the supporting documents, the Court hereby issues this order to show cause why this Court should not remand this case to state court for lack of subject matter jurisdiction. The Court has an independent obligation to determine subject matter jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action

originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).

Based upon the Court's review of the Complaint, it appears that Defendant has removed the action based upon a federal defense. Accordingly, Defendant is HEREBY ORDERED to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant's response to this Order to Show Cause shall be due on December 11, 2009, which shall be limited to ten (10) pages. If the Court believes a response from Plaintiff is warranted, it

2

1  shall set forth a briefing schedule in a subsequent order.  The Court shall reserve ruling on
2  Defendant's application to proceed *in forma pauperis* pending a ruling on this Order to Show
3  Cause.
4      Defendant is HEREBY ADVISED that a Handbook for Pro Se Litigants, which contains
5  helpful information about proceeding without an attorney, is available through the Court's
6  website or in the Clerk's office.  Defendant may wish to seek assistance from the Legal Help
7  Center.  Defendant may call the Legal Help Center at 415-782-9000, extension 8657, or sign up
8  on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who
9  may be able to provide basic legal help, but not legal representation.
10     **IT IS SO ORDERED.**

Dated:  November 30, 2009

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, | Case Number: CV09-05321 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MARIA GONZALES et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maria Gonzales
2167 Grove Way
Castro Valley, CA 94546

Dated: November 30, 2009

Richard W. Winking, Clerk
By: Jennifer Ottolini, Deputy Clerk